UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| CODY PETERSON,<br><br>        Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA; UNITED STATES FISH & WILDLIFE SERVICE; PAUL SOUZA, in his official capacity as Acting Director of the U.S. Fish & Wildlife Service; MATT HOGAN, in his official capacity as Regional Director, Mountain-Prairie Region of the U.S. Fish & Wildlife Service; UNITED STATES DEPARTMENT OF INTERIOR; DOUG BURGUM, in his official capacity as Secretary of the U.S. Department of the Interior,<br><br>        Defendants. | Case No. 3:25-cv-00078-PDW-ARS<br><br><br>**UNOPPOSED MOTION FOR ADDITIONAL EXTENSION OF TIME TO RESPOND TO COMPLAINT** |

The United States of America, by Jennifer Klemetsrud Puhl, Acting United States Attorney for the District of North Dakota, and Michael D. Schoepf, Assistant United States Attorney, on behalf of the United States Fish & Wildlife Service; Paul Souza in his official capacity as Acting Director of the U.S. Fish & Wildlife Service; Matt Hogan, in his official capacity as Regional Director, Mountain-Prairie Region of the U.S. Fish & Wildlife Service; United States Department of Interior; Doug Burgum, in his official capacity as Secretary of the U.S. Department of the Interior ("United States"), submits this Unopposed Motion for an Additional Extension of Time to Respond to Complaint. The United States respectfully requests that the Court enter an Order extending the time for the United States to respond to the Complaint for an additional 90-days through December 8, 2025.

The Complaint in this case asserts five claims related to Plaintiff's use of property burdened by a wetland easement owned by the United States. Counts one and two assert quiet title claims, seeking to limit the scope and size of the United States' wetland easement. Count 3 seeks review of a final administrative decision consisting of a map of the property depicting the locations of the wetlands on the property. Counts 4 and 5 assert a 2024 rule that establishes a safe harbor for installation of drain tile on properties burdened by United States' wetland easements is arbitrary and capricious and should therefore be set aside.

Shortly before the Complaint was filed in this case, the new administration announced that reducing regulations would be a priority across the executive branch of government. See, e.g., Unleashing Prosperity through Deregulation (January 31, 2025), available at https://www.whitehouse.gov/presidential-actions/2025/01/unleashing-prosperity-through-deregulation/. The U.S. Fish and Wildlife Service has been examining its regulations in accordance with this government-wide directive and anticipates programmatic changes in the way it administers wetland easements like the one at issue in this case. Those programmatic changes to the administration of its wetland easements could in turn have a significant impact on the way the United States responds to the allegations in the Complaint.

In addition, the United States has initiated discussions about a potential resolution of the dispute set forth in Count 3 of the Complaint. The United States anticipates those discussions will continue.

Under Rule 6(b), a motion for extension of time made before the time in which an act must be done may be granted for "good cause." In addition, the Court has the inherent power to stay the proceeding and otherwise "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Air Line Pilots Ass'n v.

Miller, 523 U.S. 866, 879 n.6 (1998) (quoting Landis v. North Am. Co., 299 U.S. 248, 254–55, 257 (1936)); Cottrell v. Duke, 737 F.3d 1238, 1248 (8th Cir. 2013) (noting a district court's inherent power to stay a proceeding). Here, the upcoming programmatic changes in the administration of the wetland easements and the ongoing discussion about potential settlement justify a further extension of time through December 8, 2025.

Further, extending the time for the United States to respond to the Complaint an additional 90 days will have additional benefits for the parties, the Court, and counsel. Specifically, the additional 90-days will allow the U.S. Fish and Wildlife Service to reconsider its decisions regarding the specific wetland easement at issue in this case as well as the broader regulatory framework, see, e.g., Motor Vehicle Mfrs. Ass'n v. State Farm Mutual Auto. Ins. Co., 463 U.S. 29, 42 (1983) ("[R]egulatory agencies do not establish rules of conduct to last forever [and] an agency must be given able latitude to adapt their rules and policies to . . . changing circumstances." (internal citations and quotation marks omitted)); Nat'l Ass'n of Home Builders v. EPA, 682 F.3d 1032, 1038, 1043 (D.C. Cir. 2012) (explaining that an agency's "reevaluation of which policy would be better in light of the facts" is "well within" its discretion and that a change in administration is a "perfectly reasonable basis for an executive agency's reappraisal of the costs and benefits of its programs and regulations" (internal citations and quotation marks omitted)).

For the reasons explained above, the United States respectfully requests that the Court enter an order granting its unopposed motion for a further extension of time to respond to the Complaint through December 8, 2025.

Dated: August 5, 2025

                    JENNIFER KLEMETSRUD PUHL
                    Acting United States Attorney

     By:    /s/ Michael D. Schoepf
              MICHAEL D. SCHOEPF
              Assistant United States Attorney
              ND Bar ID 07076
              P.O. Box 699
              Bismarck, ND  58502-0699
              (701) 530-2420
              michael.schoepf@usdoj.gov

              *Attorney for Defendants*